## Fields v. Fields
### [Cite as 4 AOA 44]

Case No. 89-CA-58
Miami County (2nd)
Decided June 4, 1990

*Allyn S. Wagner, 102 South Miami Street, P.O. Box 10, West Milton, Ohio, for Plaintiff-Appellant.*

*Eugene A. Jablinski, 214 West Monument Avenue, Dayton, Ohio 45402, for Defendant-Appellee.*

GRADY, J.,
In this appeal we are asked to reverse the decision of the trial court determining Appellee's interest in the General Motors pension of Appellant. The trial court ordered division of the pension at full retirement value rather than at the book value of the pension at divorce. Appellant argues that the court's decision was an abuse of discretion.

For the reasons stated below we disagree with Appellant. The decision of the trial court will, therefore, be affirmed.

I.
*Factual Posture*
This is the second appeal in this case. In the first appeal, *Fields v. Fields* (Nov. 14, 1988), Miami App. No. 88-CA-11, unreported, we reversed the decision of the trial court as to property division because it did not divide Appellant's General Motors pension between the parties but, rather, awarded it solely to Appellant. We remanded the pension issue for further proceedings.

On remand the pension division issue was given to a Referee for an investigation and recommendation. The Referee concluded that 64.7% of the pension was accumulated during the marriage and thus Appellee was entitled to 32% of it. The Referee then examined two methods for dividing the pension, the present book value or at the accrued value of the pension at the time of retirement.

The Referee found that if Appellant retired at or near the time of the divorce, his monthly pension receipt would have been $582 per month. By contrast, if Appellant worked five more years he would retire with a full benefits and his monthly pension receipt would climb to $1205 per month.

Based on this disparity in the outcome produced by the two methods, the Referee concluded that the Appellee should receive 32% of the accrued value of Appellant's pension available to him on retirement. Any other division, so concluded the Referee, would be inequitable given the effects of the end load provisions of the pension. The Referee concluded that the higher award was justified because of the length of the marriage, the lack of assets, the disparity of income, and the need to provide for an equitable division of retirement benefits.

Although Appellant accepted the Referee's determination that 64.7% of the pension was accumulated during the marriage, he objected to the Referee's recommendation. Appellant argued that an award based on the accumulated value of the pension at retirement enabled Appellee to receive non-marital property because the greater value resulted from Appellant's working five more years, during which time the couple would not be married. Appellant argued the proper distribution was 32% of the book value of the pension at the time of the divorce.

The trial court adopted the Referee's findings and recommendations and ordered division of the pension based on its value at retirement.

Appellant filed a timely notice of appeal presenting two assignments or error.

## II.
### Abuse of Discretion

Appellant's two assignments of error raise substantially the same issues and therefore will be considered together. Appellant states:

"I. THE TRIAL COURT ABUSED ITS DISCRETION IN AWARDING APPELLEE 32% OF APPELLANT'S RETIREMENT PLAN BENEFIT OF $1205.00 PER MONTH AVAILABLE TO APPELLANT AT THE TIME OF RETIREMENT WHEN PART OF SUCH BENEFITS WERE THE RESULT OF SERVICES NOT RENDERED BY APPELLANT DURING COVERTURE.

"II. THE TRIAL COURT ABUSED ITS DISCRETION IN DETERMINING THE APPROPRIATE SCOPE OF THE DIVISION OF THE MARITAL ESTATE AND THE AWARD OF PROPERTY DIVIDED BETWEEN THE PARTIES."

Domestic relation courts have broad discretion in fashioning property divisions of the marital estate. *Berish* v. *Berish* (1982), 69 Ohio St.2d 18. Consequently, a reviewing court should not reverse a trial court's decision concerning property division absent an abuse of discretion. *Briganti* v. *Briganti* (1984), 9 Ohio St.d 220. A trial court abuses its discretion only when its attitude was demonstrably unreasonable, arbitrary or unconscionable. *Blakemore* v. *Blakemore* (198), 5 Ohio St.d 217. An unequal division of marital assets does not alone establish an abuse of discretion. *Cherry* v. *Cherry* (1981), 66 Ohio St.2d 48.

Pension benefits are deferred income; that is, they represent a vested income right which accrues during employment but is payable only upon retirement or termination of employment. As income accumulated during a marriage, pension benefits are part of the marital estate which must be *equitably* divided upon divorce. *Holcomb* v. *Holcomb* (1989), 44 Ohio St.d 128.

Having reviewed the record, giving particular attention to the trial court's division of Appellant's pension, we find no abuse of discretion concerning the method employed to reach an equitable division of the fund. The method used by the Referee in dividing Appellant's pension is an acceptable method. See, generally, Baldwin's Ohio Domestic Relations Law (1989), Text §25.05(E)(3). Although the "percentage of future benefits" method does not completely disentangle the affairs of the parties, a book value division of a pension may neglect to account for the growth characteristics of the asset and produce an unreasonably depressed valuation.

We reject Appellant's argument that the form of division adopted awards non-marital property to Appellee. The value of Appellee's share will grow as Appellant continues active employment after divorce. Her proportion of the pension will not change, and remains fixed according to the years of marriage. A retirement plan of this type represents an investment, and Appellee is entitled to share in its matured value at the time of retirement. The purpose of the plan is to provide for the parties at retirement, and both must be presumed to have made their investment on that basis. It would be inequitable to terminate Appellee's interest early and to deprive her of that right.

The fact intensive nature of domestic relations disputes requires that trial courts have wide latitude in fixing equitable divisions of the marital estate. We decline to adopt a fixed method of pension fund division because such a stance restricts the necessary discretion of the trial court. We choose to leave such matters as the method of division to employ in a particular case to the discretion of the trial court.

Appellant argues, however, that the trial court's order gives Appellee 32% of $1205 per month, representing full maturity of the pension benefits. Appellant contends that this is unfair because he could conceivably retire before the fund reaches maturity yet remain liable for the higher figure. Relying on *Hoyt* v. *Hoyt* (November 23, 1988), Lorain App. No. 4365, unreported, Appellant argues the trial court should have divided his pension based on its book value at the time of the divorce. We disagree with Appellant for two reasons.

First, *Hoyt* stands for the proposition that trial courts have broad discretion in fashioning property division orders. Thus the court in *Hoyt* refused to adopt any particular method of division leaving that issue to the discretion of the trial court.

Second, contrary to Appellant's interpretation, the trial court is not ordering him to pay 32% of $1205. The trial court's order gives Appellee 32% of Appellant's pension available to him "upon and during retirement." The order does not give Appellee a right to 32% of $1205 per month but rather a right to 32% of Appellant's pension upon his retirement -- be it tomorrow or in five years.

Appellant further argues that the trial court abused its discretion by not taking into account the effects of the prior division of other property in refashioning the division of his pension. Appellant points out that under the original order he is the sole provider for the couple's minor child. Consequently, Appellant argues he is bearing a higher burden of expense without a coinciding modification of the original property division to account for Appellee's new benefits vis-a-vis the pension.[1]

According to the record, the trial court on remand reviewed the entire property division order. The court elected to modify the original property division order only insofar as the pension was concerned. Failure to make other modifications is not an abuse of discretion. Although at first glance Appellee appears to receive an increase in her portion of the marital estate, she is actually only receiving an equitable portion of that part of the marital estate to which she has a vested right.

We therefore conclude that the trial court did not abuse its discretion by awarding Appellee 32% of Appellant's pension benefits which he eligible to receive upon retirement. We further conclude that the trial court did not abuse its discretion by retaining the original property division order. Appellant's two assignments of error are, therefore, overruled.

### III.
### Conclusion

For the reasons stated above, we overrule both of Appellant's assignments of error. The decision of the trial court is sustained.

*Judgment affirmed.*

WILSON, J., and FAIN, J., concur.

---

[1] Appellant filed a motion for modification of child support which was pending at the time this appeal was filed. It has since been disposed of. The issue of child support modification is, however, a matter within the continuing jurisdiction of the trial court and independent from the property division issue before us.